UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| VIBRON LLOYD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 21-1111-JBM ) |
| CHERRYLE HINTHORNE, et al., | ) ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, has filed a complaint alleging deliberate indifference to his serious medical needs at the Illinois River Correctional Center ("IRCC"). The complaint is now before the Court for purposes of a merit review. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

### FACTS

Plaintiff has named IRCC Warden Cherryle Hinthorne, Dr. Kurt Osmundson , Wexford Health Sources, Inc., and three Wexford employed nurses ; Trey Bergermen, Tonya English, and Christine Lindsey. Plaintiff alleges that all Defendants were deliberately to his serious medical needs after he contracted COVID-19 in November 2020.

Plaintiff asserts that due to his Type 2 Diabetes and damaged spleen, he was particularly at risk when he contracted COVID-19 in November 2020. He was in quarantine at the time, with limited access to the healthcare unit. Plaintiff alleges that for days, he had a fever of 102.2 and also experienced respiratory problems, not further elaborated. Plaintiff alleges that the three

Defendant nurses; Bergermen, English and Lindsey made daily rounds in his unit, conducting temperature checks. Plaintiff advised all three individuals that he needed to be seen in sick call and needed to be hospitalized, fearing he would die. The nurses responded that there was nothing they could do as nursing sick call was closed during the pandemic, and examinations were being conducted by the Healthcare Unit.

Plaintiff does not claim that the Defendant nurses failed to treat his symptoms. He does not claim, for instance, that he did not receive medication or other treatment for his fever or other symptoms. His complaint appears centered on the fact that he was not seen in the healthcare unit and was not hospitalized. Plaintiff does not indicate, however, the advantage to being seen in the healthcare unit as opposed to being seen in his cell by the nurses. While Plaintiff claims that he should have been hospitalized, he only vaguely refers to respiratory issues and his fear of death, without identifying symptoms to support that hospitalization was necessary.

## ANALYSIS

For a prison official to be liable for deliberate indifference, he must have known of and disregarded "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Defendants must not only have been aware of an "objectively, sufficiently serious" condition, but to have "acted with a sufficiently culpable state of mind…". *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008) (quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)). To plead a culpable state of mind, Plaintiff must demonstrate that Defendants disregarded a substantial risk that he would suffer harm. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016).

Plaintiff has provided with his complaint, a copy of a related grievance to which Plaintiff's counselor responded. There, the counselor noted that during the quarantine, nurses checked inmates' temperatures and oxygen levels "multiple times per day." [ECG 1 at 30]. If the

Defendant nurses checked Plaintiff's oxygen levels and they were adequate, this would belie Plaintiff's belief that his respiratory status required hospitalization. Here, Plaintiff pleads nothing to support that the nurses knew of and disregarded an excessive risk to his health or safety by failing to insure he was hospitalized. *See Farmer*, 511 U.S. at 836-37. The fact that Plaintiff believed he should be hospitalized is not enough, as prisoners are not entitled to demand specific treatment. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Plaintiff will be given an opportunity, however, to replead these allegations in more detail in the event he can state a colorable claim.

While Plaintiff alleges that Defendant Warden Henthorn and Defendant Dr. Osmundson were deliberately indifferent to him, he does not plead that he asked either Defendant for medical treatment or that either was aware he needed treatment. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Ames v. Randle,* 933 F.Supp.2d 1028, 1037–38 (N.D.Ill.2013) (quoting *Sanville,* 266 F.3d at 740). Plaintiff fails to plead that Defendants Hinthorne or Osmundson had any knowledge of his serious medical need so as to have been deliberately indifferent to it.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given an opportunity to file an amended complaint within 30 days. The pleading is to be captioned Amended Complaint and is to include

all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

    2.    Plaintiff's motions for status [ECF 4] and [ECF 5] are rendered MOOT by this order.

_8/3/2021_                                                                _s/Joe Billy McDade_
ENTERED                                                 JOE BILLY McDADE
                                                                             UNITED STATES DISTRICT JUDGE