## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| VIBRON LLOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 21-1111-JBM |
| | ) |
| CHERRYLE HINTHORNE, et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint alleging deliberate indifference to his serious medical needs at the Illinois River Correctional Center ("IRCC"). The amended complaint is now before the Court for merit review. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

### FACTS

In his initial complaint, Plaintiff pled that he contracted COVID-19 in November 2020 and was quarantined with limited access to the healthcare unit. Plaintiff alleged that he had a fever of 102.2, experienced respiratory problems, and that Defendant Nurses Trey Bergermen, Tonya English, and Christine Lindsey were deliberately to his serious medical needs. As the Court noted in the merit review order, however, Plaintiff had pled that the nurses made daily rounds in his unit, conducting temperature checks. In addition, he submitted a grievance he had filed where he noted that during the quarantine, nurses checked inmates' temperatures and oxygen levels "multiple times per day." [ECG 1 at 30].

Plaintiff believed these measures were inadequate and that he should have been hospitalized. Plaintiff offered nothing concrete to support this opinion, asserting only that he was at an enhanced risk of a poor outcome due to not having a spleen. The Court noted that Plaintiff did not claim that the fever or other symptoms went untreated, only that he was not sent to the healthcare unit or hospital. [ECF 6 at 2]. The Court determined that Plaintiff had not pled deliberate indifference, merely that the nurses had not provided the specific care he wanted. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011).

Plaintiff now files an amended complaint, reasserting his claims against Defendants Bergermen, English, and Lindsey. Instead of pleading specific facts as recommended by the Court, Plaintiff generally asserts that "no action was taken in aiding Plaintiff with medical care for approximately five days" and that his pleas for medical care were ignored. [ECF 8 at 2-3]. This, of course, is belied by Plaintiff's initial filing and the documentation he provided, which indicates that the Defendant nurses provided some form of treatment multiple times per day. Once again, we are left with nothing but Plaintiff's unsupported claim that he did not receive the care he wanted. Plaintiff does not, in fact, assert that he suffered any additional harm as a result of Defendants' failure to have him hospitalized. *See Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (to have been deliberately indifferent defendants must have disregarded a substantial risk that he would suffer harm).

Plaintiff also pleads against Defendant Warden Hinthorne, claiming that he sent Defendant requests slips asking for medical attention. Here, however, Plaintiff has documented that he received medical attention on a daily basis and pleads nothing to support that Defendant Hinthorne had notice that the care was not appropriate. *See Greeno*, 414 F.3d at 655-56, citing *Spruill v. Gillis,* 372 F.3d 218 (3rd Cir. 2004). "[I]f a prisoner is under the care of medical

experts … a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *See also*, *Sustaita v. Henderson*, 851 Fed. Appx. 644, 647 (7th Cir. 2021), *reh'g denied* (Sept. 2, 2021). "A failure to go beyond the duties of one's job to treat a prisoner already receiving medical attention does not violate the Eighth Amendment." *Id*. citing *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Plaintiff makes an additional claim against unspecified IRCC staff. He claims that, as the prisoners were quarantined and not allowed visitors, "it is blatantly clear" that it was staff who brough COVID-19 into the facility, and that this would not have happened had staff followed the appropriate guidelines. In order to plead deliberate indifference, however, Plaintiff must allege not only that a defendant knew of a risk of harm, but that defendant "had the ability to prevent the harm, and failed to do so." *Williams v. Schmidt*, No. 14-487, 2019 WL 1046167, at *1 (W.D. Wis. Mar. 5, 2019) citing *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009).

The mere fact that a prisoner has contracted COVID-19 does not state a constitutional claim. *Brown v. Tippecanoe Co. Jail,* No. 21-14, 2021 WL 1341350, at *3 (N.D. Ind. Apr. 9, 2021). "By itself, the fact that Marcel D. Brown contracted COVID-19 at the jail is not sufficient to state a claim for a constitutional violation based on his conditions of confinement." (Internal citations omitted). *See Williams,* 2019 WL 1046167, at *1 (W.D. Wis. Mar. 5, 2019) (allegations against prison warden for failing to contain the COVID-19 virus, without more, did not state a deliberate indifference claim).

Plaintiff has filed a complaint and amended complaint, and still cannot state a colorable claim. Plaintiff cannot proceed against the Defendant Nurses merely because they did not have him hospitalized, particularly where he does not identify a need for hospitalization or claim that he suffered injury due to a lack of hospitalization. Plaintiff, similarly, cannot state a claim against

Defendant Hinthorne where he was under the care of medical staff and, by his own account, seen multiple times per day. Lastly, Plaintiff cannot assert a claim against unknown staff members merely because he contracted the COVID-19 virus. As a result, Plaintiff's amended complaint is dismissed with prejudice, for failure to state a claim. No further amendments will be allowed.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any further amendments would be futile because Plaintiff cannot state a colorable § 1983 claim under these facts. All pending matters and internal deadlines are MOOT. This case is therefore closed, the clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

  12/17/2021                                                    s/Joe Billy McDade  
ENTERED                                                 JOE BILLY McDADE  
                                                        UNITED STATES DISTRICT JUDGE